UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| LUCIO CELLI, | ) | |
| | ) | |
| Petitioner, | ) | No. 5:22-CV-220-REW |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN PAUL, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Lucio Celli has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* DE 1. The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

When Celli filed his habeas corpus petition with this Court in August 2022, he was confined at the Federal Medical Center (FMC) in Lexington, Kentucky. *See* DE 1 at 1. Celli indicated that he had been convicted of an undisclosed offense in May 2022 in a federal court in Brooklyn, New York, and complained that an order for a psychological evaluation was obtained through a fraud perpetrated upon that court. *See* DE 1 at 2–3. Celli attached to the petition 77 pages of emails sent in the preceding months, apparently directed to his own attorneys, as well as judges, prosecutors, and judicial committees of the House and Senate, alleging numerous forms of impropriety in the proceedings against him. *See* DE 1 at 4–12; DE 1-1 (Email Correspondence).

---

[1]A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Celli's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (internal quotation marks omitted) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" of "any allegation stating federal relief").

In his petition, Celli alleged ineffective assistance of counsel, bias by the presiding judge, and perjury and misconduct by the prosecutor. *See* DE 1 at 13–14. Celli requested immediate release from FMC-Lexington and a court order that reports prepared by a Dr. Wentowski are "not to be used by the Court." *See* DE 1 at 17.

Celli subsequently filed several motions seeking additional relief from this Court, most of which suggested that they had also been provided to and/or filed in the New York criminal proceeding. *See* DE 4 (motion requesting replacement of his current attorneys in the New York prosecution and appointment of successor counsel); DE 6 (notice relating primarily to Dr. Wentowski's report); DE 7 (motion asking to amend docketing of DE 6 and repeating request for removal of current court-appointed counsel); DE 8 (notice requesting sanctions and criminal charges against Celli's counsel); DE 9 (motion requesting expedited review of request for replacement of counsel); DE 10 (motion requesting expedited review of petition).

Some context is necessary. In November 2018 in Brooklyn, New York, a sealed indictment was filed that charged Celli with sending emails threatening to kill two federal judges who had presided over earlier civil matters Celli filed. *See United States v. Celli*, No. 1:19-CR-127-PAE-ST-1 (E.D.N.Y. 2019), DE 1 (Indictment). Save for a four-month period at the outset of the case, Celli was free on bail with conditions throughout the balance of extensive pretrial proceedings in 2019 and 2020. *See* DE 28 (Order accepting cash bail); DE 30 (Order setting conditions of release). Celli was represented by several different appointed attorneys during this period but chose to represent himself prior to trial (though he did not fire his attorney at this point). *See* DE 125 (Order). In May 2021, Celli reached an agreement with the Government to plead guilty to the charges. In July 2021, the trial court sentenced Celli to time served and two years of supervised release, subject to an extensive list of stringent conditions. *See* DE 178 (Judgment) at 2, 3–6.

Pertinent here, special condition number four provides that "[t]he defendant shall not file any document in any court unless or until counsel reviews it and certifies to him that it does not contain a threat." *Id.* at 5. Conditions seven and eight similarly condition or restrict Celli's communications with courts and court personnel.[2] *See Id.* at 5. Celli's direct appeal remains pending before the Second Circuit. *See Celli v. United States*, No. 21-1760 (2d Cir. 2021).

Within four months of sentencing, the U.S. Probation Department reported Celli's non-compliance with the terms of his supervised release, specifically related to Celli's unauthorized sending and/or filing of documents. *See* DE 188 (Order). Following a hearing in December 2021, Celli submitted a series of letters and motions alleging improprieties by the presiding judge, the prosecutor, and his earlier-appointed attorneys. *See* DE 196 (Letter), DE 197 (Letter), DE 198 (Motion), DE 199 (Motion), DE 200 (Motion), DE 205 (Motion), DE 206 (Motion). In April 2022, the trial court entered an Order noting Celli's refusal to participate in a psychiatric evaluation that was required as a condition of his supervised release, as well as violations of other terms of his release, and encouraged Celli's cooperation. *See* DE 220 (Order).

Celli's intransigence continued. Following an evidentiary hearing on May 4, 2022, the trial court found Celli guilty of all pending supervised release violations. *See* DE 227 (Order). The Court ordered Celli to voluntarily surrender to a Bureau of Prisons facility for a psychiatric evaluation prior to sentencing. *See* DE 230 (Order). In June 2022, following additional supervised release violations by Celli, the trial court ordered federal marshals to transport Celli to FMC-Lexington for a psychiatric evaluation. *See* DE 238 (Order).

Celli arrived at FMC-Lexington on July 20, 2022. *See* DE 241 (Letter). Dr. Wentowski provided Celli's psychiatric report to the trial court on October 7, 2022. *See* DE 257 (Sealed

---

[2] The filing of the petition and subsequent motions and notices in this case appear to violate one or more of these conditions.

3

Psychiatric Report). The trial court subsequently ordered that federal marshals deliver Celli to the court for a sentencing hearing on November 10, 2022. *See* DE 259 (Order). The Bureau of Prisons website indicates that Celli was released from its custody on October 27, 2022. *See* https://www.bop.gov/inmateloc/ (accessed on November 3, 2022).

Celli requests via his § 2241 petition that this Court release him from custody and invalidate orders entered by the federal trial court in New York. *See* DE 1 at 14–17. However, Section 2241 is not a vehicle to obtain the relief Celli seeks. He must pursue and exhaust other avenues of relief. *See* 17B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude the use of [§ 2241] before trial."). As the Supreme Court long ago explained:

> The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases. . . . This [petition] is an effort to nullify that rule, and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention. That the orderly course of a trial must be pursued and the usual remedies exhausted, even where the petitioner attacks on habeas corpus the constitutionality of the statute under which he was indicted, was decided in *Glasgow v. Moyer*.

*Johnson v. Hoy*, 33 S. Ct. 240, 241 (1913) (citing *Glasgow v. Moyer*, S. Ct. 753, 755–56 (1912), *abrogated on other grounds by Brown v. Davenport*, 142 S. Ct. 1510 (2022)); *see also Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008) ("Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition."); Rule 32.1(a)(6)(importing bond mechanics in SRV context); § 4247(b)(addressing custodial evaluation).

Holding otherwise would permit a defendant dissatisfied with a trial judge's pretrial rulings to forgo the ordinary appellate review process and obtain immediate collateral review. *See United States v. Addonizio*, 99 S. Ct. 2235, 2240 n.10 (1979) ("Of course the writ of habeas corpus should not do service for an appeal. . . This rule must be strictly observed if orderly appellate procedure is to be maintained."); s*ee also Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."); *Hall v. Pratt*, 97 F. App'x 246, 247–48 (10th Cir. 2004) ("Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work . . . .").

Celli has failed to seek in the Eastern District of New York—or, perhaps, sought without success—the relief he presently seeks from this Court. The Court must therefore deny the petition, and Celli must pursue and further relief in the proper district. *See Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010) ("[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case."); *Monte v. United States*, CIV-21-89-R, 2021 WL 1676274, at *2–3 (W.D. Okla. Apr. 7, 2021), *report and recommendation adopted*, No. CIV-21-89-R, 2021 WL 1668051 (W.D. Okla. Apr. 28, 2021) (rejecting federal pretrial detainee's invocation of § 2241 to challenge detention for purposes of conducting a competency evaluation where he could, and therefore must, do so directly in his federal criminal proceedings).

Accordingly, the Court **ORDERS** as follows:

1.      The Court **DENIES** DE 1;

2.      The Court **DENIES** as moot all pending motions; and

3.      This action is **STRICKEN** from the Court's docket.

5

This the 3rd day of November, 2022.

Signed By:

*Robert E. Wier*

United States District Judge